UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. 1:02-CR-02 |
| | § | |
| JOSE MANUEL HERRERA | § | |
| RODRIGUEZ a/k/a SANTOS | § | |
| HERRERA HERRERA | § | |

**REPORT AND RECOMMENDATION RE: PETITION FOR WARRANT
OR SUMMONS FOR OFFENDER UNDER SUPERVISION**

Pending is a "Petition for Warrant or Summons for Offender Under Supervision," filed March 2, 2006, alleging that defendant violated conditions of supervised release. This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. See United States v. Rodriguez, 423 F.3d 919, n. 1 (5th Cir. 1994); see also 18 U.S.C. § 3401(i) (2000); and Local Rules for the Assignment of Duties to United States magistrate judges.

**I. The Original Conviction and Sentence**

Defendant was sentenced on June 13, 2002, before The Honorable Howell Cobb, U.S. District Judge of the Eastern District of Texas, after pleading guilty to the

offense of Deported Alien Found in the United States Having Been Previously Deported After Being a Convicted Felon, a Class C felony.  This offense carried a statutory maximum imprisonment term of 20 years.  The guideline imprisonment range, based on a total offense level of 17 and a criminal history category of V, was 37 to 46 months.  Defendant was subsequently sentenced to 46 months imprisonment followed by 2 years supervised release subject to the standard conditions of release, plus special conditions to include the defendant shall not commit any offense against a foreign state or nation; surrender for deportation upon completion of imprisonment term, and if deported remain outside the United States; drug aftercare; and a $100 special assessment.

## II.  The Period of Supervision

On May 27, 2005, defendant completed his period of imprisonment and began service of the supervision term.  Subsequently, defendant's case was referred the Honorable Ron Clark, U.S. District Judge of the Eastern District of Texas.

## III.  The Petition

United States Probation filed the pending Petition for Warrant or Summons for Offender Under Supervision on March 2, 2006.  The petition alleges that defendant violated the following conditions of release:

    Mandatory Condition:    Defendant shall not commit another federal, state, or local crime.

    Special Condition:    As a further condition of supervised release, if ordered deported, the defendant shall remain outside the United States.

As grounds, the petition alleges that on September 6, 2005, defendant was convicted in the Southern District of California for the offense of illegal entry into the United States.

### IV.  Proceedings

On April 12, 2006, the undersigned United States Magistrate Judge convened a hearing pursuant to Rule 32.1, Federal Rules of Criminal Procedure, to hear evidence and argument on whether defendant violated conditions of supervised release.  If so, the hearing would also consider the appropriate course of action.

At the revocation hearing, counsel for the government and the defendant announced an agreement as to a recommended disposition.  Defendant would agree to plead "true" to the allegation that he violated a special condition of supervised release by failing to remain outside the United States if ordered deported.  In exchange for defendant's plea of "true," the court should find defendant guilty of committing a Grade C violation, revoke defendant's supervised release and impose thirteen (13) months imprisonment; followed by no additional period of supervised

release.  Further, the government agreed to decline to proceed with remaining alleged violations of supervised release conditions.

After announcing their agreement, defendant pleaded "true" to the allegation that he violated a special condition of supervised release by failing to remain outside the United States if ordered deported.

### V.  Principles of Analysis

Upon finding by a preponderance of the evidence that a defendant has violated a term of supervised release, pursuant to 18 U.S.C. § 3583(e)(3) the court may revoke the term of supervised release and require defendant to serve in prison all or part of the term of supervised release without credit for time served on post-release supervision.  The original offense of conviction was a Class C felony; therefore, the maximum term of imprisonment authorized under 18 U.S.C. § 3583(e)(3) is two years.

According to U.S.S.G. § 7B1.1(a), if the court finds by a preponderance of the evidence that defendant violated a condition of supervision by failing to remain outside the United States if ordered deported, defendant will be guilty of committing a Grade C violation.  U.S.S.G. § 7B1.3(a)(2) indicates upon a finding of a Grade C violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision.

U.S.S.G. § 7B1.4(a) provides that in defendant's case a revocation of supervised release based on a Grade C violation and a criminal history category of V, the guideline imprisonment range is 7 to 13 months.

18 U.S.C. §§ 3583(e) and 3553(a) provide that in determining sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; see 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; see 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statement issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; see 18 U.S.C. 3553(a)(4); see also 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; see 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; see 18 U.S.C. § 3553(A)(6).

## VI. Application

The undersigned has carefully considered each of the five factors listed in 18 U.S.C. §§ 3583(e) and 3553(a).

**Findings:**

Defendant pleaded "true" to an alleged violation of a special condition by failing to remain outside the United States if ordered deported. Based upon defendant's plea of "true" to this allegation and U.S.S.G. § 7B1.1(a), defendant violated this special condition of supervised release in the manner alleged in the petition. Defendant's violation is a Grade C violation with policy guidelines suggesting 7 to 13 months imprisonment upon revocation.

**Conclusion:**

Defendant has demonstrated inability to adhere to conditions of supervision. Defendant did not comply with a condition of his supervision by failing to remain outside the United States if ordered deported. As such, incarceration appropriately addresses defendant's violations.

### RECOMMENDATIONS

1. The court should find that defendant violated the condition of supervised release, by failing to remain outside the United States if ordered deported, in the manner alleged in the petition.

2. The petition should be granted and defendant's supervised release should be revoked pursuant to 18 U.S.C. § 3565.

3. Defendant should be sentenced to a term of imprisonment of thirteen (13) months, with no further supervision thereafter.

4. Defendant should be placed in confinement at the Federal Correctional Institute in Tucson, Arizona, or the Metropolitan Correctional Center in San Diego, California. After release from imprisonment, defendant shall surrender for deportation upon completion of imprisonment term, and if deported, remain outside the United States.

## OBJECTIONS

At the close of the revocation hearing, defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended herein. Therefore, the court may act on the report and recommendation immediately.

SIGNED this __13__ day of April, 2006.

_____
Earl S. Hines
United States Magistrate Judge